IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHEVERA BROWN, et al.,** | * | |
| **Plaintiffs** | | |
| v. | * | **CIVIL NO. JKB-21-1000** |
| **ROBERT FRAZIER, et al.,** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Self-represented Plaintiffs Chevera Brown and Clint McLean filed suit against numerous Defendants, claiming "lack of standing to maintain suit, wrongful foreclosure, fraud, civil conspiracy to commit fraud, abuse of process, civil violations of the Federal Racketeer Influenced and Corrupt Organizations[,] . . . and civil violations violation [sic] of Plaintiffs [sic] Civil Rights, void assignment, [and] deceptive misrepresentation of fact." (Am. Compl. at 2, ECF No. 6.) As of the date of this Order, Defendants have not been served with process. Currently pending before the Court is Plaintiffs' Expedited Motion for Temporary Restraining Order seeking, *inter alia*, to enjoin the sale of certain real property located at 2023 Case Road, Baltimore, Maryland 21222. (Mot. TRO, ECF No. 5.) For the reasons set forth below, Plaintiffs' Expedited Motion for Temporary Restraining Order (ECF No. 5) will be DENIED.

Federal courts have long recognized that the grant of interim equitable relief is an "extraordinary remedy involving the exercise of a very far-reaching power." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). A plaintiff seeking such relief must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in

1

the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The first *Winter* factor is dispositive here: Plaintiffs have not demonstrated a likelihood of success on the merits. On the contrary, Plaintiffs' Motion is convoluted and at times incomprehensible. For example, Plaintiffs devote much of their Motion to arguing that Defendants lack standing to initiate non-judicial foreclosure proceedings and to bring suit against Plaintiffs in Maryland state courts because the Defendant corporations and limited liability companies are defunct under Maryland law. (*See* Mot. TRO at 9–18.) To support this contention, Plaintiffs reference Article III of the U.S. Constitution, which is relevant to whether a *plaintiff* has standing to bring an action in *federal* court. *See, e.g., Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Although the Court could resolve Plaintiffs' request for a temporary restraining order on the basis of the first *Winter* factor alone, the Court adds that Plaintiffs have failed to satisfy the other three factors. With respect to the second factor, Plaintiffs have not demonstrated that they face irreparable hardship in the absence of emergency relief. It appears that the foreclosure proceedings over the Property have already concluded. Confusingly, Plaintiffs allege that Defendants "conducted an asserted unlawful sale" of the Property on January 12, 2018 and that Defendants posted the Property for sale on Zillow on April 28, 2021. (*Id.* at 19.) For a similar reason, the Court cannot find that the equities tip in Plaintiffs' favor based on Plaintiffs' conclusory assertion that "the balance of equities favors them because they stand to lose their property to an entity without standing and ability to maintain suit in Maryland nor the interest within Plaintiff's [sic] property." (*Id.* at 34.) This statement does not provide the Court with sufficient information about the competing private interests that may be at stake. As for the public interest factor, Plaintiffs essentially make no effort to explain how a temporary restraining order in this case would

promote broader social goals, and instead extensively quote publications of the Maryland courts. (*See id.* at 34–36.) On the contrary, the Court would likely violate public policy if it were to grant the extraordinary remedy of interim equitable relief on the shaky ground Plaintiffs have pleaded here.

Accordingly, it is hereby ORDERED:

1. Plaintiffs' Expedited Motion for Temporary Restraining Order (ECF No. 5) is DENIED; and
2. The Clerk is DIRECTED to MAIL a copy of this Order to Plaintiffs.

DATED this __10__ day of May, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge