## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHEVERA BROWN, et al.,** | | |
| | * | |
| **Plaintiffs** | | |
| | * | |
| **v.** | * | **CIVIL NO. JKB-21-1000** |
| **ROBERT FRAZIER, et al.,** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

On May 10, 2021, this Court denied self-represented Plaintiffs Chevera Brown and Clint McLean's Expedited Motion for Temporary Restraining Order that sought, *inter alia*, to enjoin the sale of certain real property located at 2023 Case Road, Baltimore, Maryland 21222. (Mot. TRO, ECF No. 7.) Plaintiffs filed a Motion to Reconsider on May 28, 2021. (Mot. Reconsider, ECF No. 10.) Plaintiffs request oral argument and an expedited hearing on their Motion to Reconsider, neither of which is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiffs' Motion to Reconsider (ECF No. 10) will be DENIED.

Plaintiffs do not identify the applicable legal standard under which to evaluate their Motion to Reconsider. (*See generally* Mot. Reconsider.) However, under Federal Rule of Civil Procedure 54(b), a district court may revise any decision before an entry of final judgment. Motions for reconsideration of interlocutory orders—meaning non-final orders issued during the course of litigation—"are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "In considering whether to revise interlocutory decisions, district courts in this Circuit have looked

1

to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." *Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 742–43 (D. Md. 2013) (internal quotation marks and citations omitted).

Plaintiffs' Motion to Reconsider fails for two reasons.  First, Plaintiffs' Motion is untimely under the Local Rules for the District of Maryland.  Local Rule 105.10 requires that a motion to reconsider a Court Order be filed within fourteen days of entry of the Order, unless otherwise provided by Federal Rules of Civil Procedure 50, 52, 59, or 60.  None of these Federal Rules apply to the instant Motion, which seeks reconsideration of a non-final order, and Plaintiffs' Motion was filed on May 28, 2021, eighteen days after entry of the Court's Memorandum and Order of May 10, 2021.

Second, even if Plaintiffs' Motion had been timely filed, it fails to articulate a basis for reconsideration of the Court's Memorandum and Order denying Plaintiffs' Expedited Motion for a Temporary Restraining Order.  In addition to restating many of the same arguments raised in their previous motion, Plaintiffs add in their Motion to Reconsider that "failure to grant this TRO would be an assault upon Plaintiffs [sic] Eighth Amendment's Ban on Excessive Fines" and that the standard articulated in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) is "an improper standard in this case."  (Mot. Reconsider at 2, 9.)  Plaintiffs argue that "the Fourteenth Amendment incorporates the Excessive Fines Clause," but do not explain how the Eighth Amendment applies to foreclosure proceedings initiated by private, non-governmental actors.  (*Id.* at 2.)  Further, the *Winter* test is the appropriate standard by which to analyze a motion for a temporary restraining order.  *See, e.g., Parker v. Am. Brokers Conduit*, Civ. No. JKB-15-3652, 2015 WL 7751664 (D. Md. Dec. 1, 2015).  The Court reiterates that the grant of interim equitable relief is an "extraordinary remedy involving the exercise of a very far-reaching

2

power." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  The

exercise of such power remains inappropriate at this time.

    Accordingly, it is hereby ORDERED:

1. Plaintiffs' Motion to Reconsider (ECF No. 10) is DENIED; and

2. The Clerk is DIRECTED to MAIL a copy of this Order to Plaintiffs.

DATED this _____7_____ day of June, 2021.

                       BY THE COURT:

                       James K. Bredar
                       Chief Judge