IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(NORTHERN DIVISION)

| | |
|---|---|
| CHEVERA BROWN et al | : |
| Plaintiff | : |
| v. | : Case 1:21-cv-1000-JKB |
| ROBERT FRAZIER, et al. | : |
| Defendants | : |

### DEFENDANTs FARNSWORTH & HILLMAN  MOTION TO DISMISS (OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT) OF THE COMPLAINT

Comes now Robert H. Hillman attorney for the Defendants, Earl Edward Farnsworth Jr. ("Farnsworth") and Robert H. Hillman ("Hillman")  and file the instant Motion to Dismiss pursuant to Fed. R. Civ. P (FRCP) Rule 12(b)(6) ) and Rule 12(b)(5), move to quash the summons as to them and or to dismiss all claims, with respect to all claims asserted in the Plaintiffs Amended Complaint, as to them and asserts the following:

1. In the instant matter, being a collateral attack action by this Plaintiff against these Defendants the law firm they are affiliated with (Samuel I White P.C.)(the "White Law Firm") and others named in the Complaint and Amended Complaint which asserts violations of various sections of the Federal Fair Debt Collection Practices Act (the "FDCPA") Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1962(d); and associated other state court actions which arise out of  and are associated the State of Maryland foreclosure proceeding presently ongoing in the State of Maryland Circuit Court for Baltimore County.

2. For the most part, the Amended Complaint contains nothing more than recitation of the prior claims and collateral attacks all of which were made by the Plaintiff in the State Court

foreclosure litigation. There as in the instant action legal elements are not addressed as to any of what can be deciphered as claims as to the various statutory claims which are generally followed by conclusory assertions that the statutes were violated by the named Defendants who are not delineated in any of the claims.

3. Because of the nature in which service was attempted and is claimed to have been perfected ECF 12 by the Plaintiffs these individuals have filed a Motion to quash the improper service attempted on them as referenced in the Proof of Service ECF 12. This Court should be leery of the allegations of the service and proof of service and should review same carefully as to all of the Defendants as being in question.

4. That the instant Amended Complaint fails to recite any facts with specificity, as to the notice of the alleged statutory violation and fail to establish statutorily that the Defendants are debt collectors, such that the Amended Complaints fails to meet the minimum standards set forth by the Fed. R. Civ. P. 8(a)(2) for pleading.

5. Defendnats believe that whatever the claims actual alleged which is rather hard to follow and decipher in the Amended Complain are invariably estopped from being raised in this proceeding pursuant to the claim preclusion doctrine of res judicata, under the Younger Doctrine, and Rooker-Feldman.

6. That the Plaintiffs fail to factually alleged actual damages or the haye have been damaged or that she sustained any actual injury in fact arising out of any statutory violation as the Plaintiffs has admitted that their injury and damages arise out of if at all the foreclosure proceeding.

7. That regardless the applicable Statute of limitations (15 U.S.C §1692k(d)) bars the claims as made.

8. That the Plaintiffs have not their minimum obligations in pleading a short and plain factual statement of the claim showing that the pleader is entitled to potential relief, the claim still fails to assert any cause of action upon which relief can be granted as the alleged violations are not material, and that the Plaintiff does not allege who acted when in allegedly causing her damages.

9. For these reasons and those more fully set forth in the attached memorandum of points and authorities, the Court should consider that any re-pleading would be futile and the Court should grant judgment for these Defendants and dismiss the Amended Complaint as to them with prejudice.

10. For such other reasons as is set forth in the accompanying Memorandum in Support of the Defendant's Motion to Quash and or in the alternative to Dismiss

**WHEREFORE**, the premises considered, the Defendants, Robert H. Hillman and Earl Edward Farnsworth Jr., pray for the following relief:

a) That the Court grant the Motion to Quash or in the alternative grant the Motion to Dismiss without leave to amend as to all the named Defendants.

b) That the Court assess reasonable costs and expenses against the Plaintiffs.

c) And for such other and further relief as the nature of this cause may require**.**

                          Respectfully Submitted:
                          Samuel I. White, PC

                          /s/ Robert H. Hillman

                          Robert H. Hillman, MD 06910
                          6100 Executive Blvd #400
                          Rockville, MD 20852
                                Tel  301-804-3385
                                Fax 301-838-1954
                          rhilllman@siwpc.com
                          Attorney for Defendants Farnsworth and Hillman

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on <u>July 29, 2021</u>, I filed via CM/ECF and I mailed, by first class mail, postage prepaid, a copy of the foregoing to:

Chevera Brown-McLean
Clint McLean
2023 Case Road
Baltimore, Maryland, 21222
Plaintiffs

American Mortgage Investment Partners Management LLC
P.O. Box 2741
Seal Beach, CA 90740
Defendant

FCI Lenders Services Inc.
8180 East Kaiser Blvd.
Anaheim Hills, CA 92808
Defendant

John Ansell III Esquire
Christine N. Johnson Esquire
Brock & Scott PLLC
7546 Standish Place
Suite 115
Rockville, MD 20855
For Defendants Robert E. Frazier, Gene Jung, Laura D. Harris,
Thomas W. Hodge, Thomas J. Gartner, Robert M. Oliveri,
David M. Williamson, Keith M. Yacko, Christine Johnson

Mortgage Electronic Registration Systems Inc.

3300 S.W. 34th Avenue Ste 101
Ocala FL 34474-7448
Defendant

Kondaur Capital Inc.
c/o CSC-Lawyers Incorporating Service Company
Resident Agent
7 St. Paul Street Ste 820
Baltimore, MD 21202
Defendant

SunTrust Mortgage Inc.
c/o CSC-Lawyers Incorporating Service Company
Resident Agent
7 St. Paul Street Ste 820
Baltimore, MD 21202
Defendant

Wilmington Savings Fund Society FSB
d/b/a Christiana Trust, not in its individual
capacity but solely in its capacity
as Owner Trustee of Matawin Ventures Trust Series 2016-4
Address unknown

Wilmington Savings Fund Society FSB
d/b/a Christiana Trust, as Owner Trustee
of Residential Credit Opportunities Trust III
c/o American Mortgage Investment Partners Management LLC
Asset Manager
P.O. Box 2741
Seal Beach, CA 90740
Defendant

Residential Credit Opportunities Trust III
c/o American Mortgage Investment Partners Management LLC
Asset Manager
P.O. Box 2741
Seal Beach, CA 90740
Defendant

/s/ Robert H. Hillman
_____

Robert H. Hillman