IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHEVERA BROWN, et al.,** | * | |
| **Plaintiffs** | * | |
| v. | * | **CIVIL NO. JKB-21-1000** |
| **ROBERT FRAZIER, et al.,** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

*Pro se* Plaintiffs Chevera Brown and Clint McLean filed suit against numerous Defendants[1] claiming multiple federal and state law violations. (Am. Compl. ECF No. 6.) Currently pending before the Court are 39 motions by Plaintiffs, which include motions for the clerk's entry of default, for default judgment, for extension of time, to strike, to quash, and for discovery (ECF Nos. 20, 23, 29, 36–51, 53, 55–64, 67–73, 75–76.) Also pending before the Court are motions to dismiss and motions to quash service of summons by Defendants Edward Farnsworth, Jr, Robert Hillman, and SunTrust Mortgage, Inc. (ECF Nos. 17, 26). Defendants Kondaur Capital, Inc., FCI Loan Servicing LLC, American Mortgage Investment Partners LLC, and Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Owner Trustee of Residential Credit Opportunities Trust III have filed notices of joinder to those motions to dismiss. (ECF Nos. 22, 36, 65.) After review of the record, the Court has concluded that Plaintiffs' pleadings are fundamentally flawed as currently filed and is considering dismissing the case in its

---

[1] The Court notes that it is unclear against which Defendants Plaintiffs intended to file suit. For example, certain individuals are not listed in the case caption in the Amended Complaint (ECF No. 6), but Plaintiffs appear to have attempted to serve them. In any event, Plaintiffs appear to have filed suit against approximately 20 Defendants.

1

entirety as to all Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On or before November 8, 2021, the Plaintiffs SHALL SHOW CAUSE why this matter should not be dismissed as to all Defendants for failure to state a claim under Rule 12(b)(6).

## I.  *Legal Standard*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of the mere possibility of misconduct is insufficient. *Id.* at 679. Further, a plaintiff may not rely on naked assertions or legal conclusions. *Twombly*, 550 U.S. at 556–57. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Pro se* plaintiffs are held to a "less stringent standard[ ]" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pled." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, a pro se complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *Robb v. Md. Aviation Admin.*, Civ. No. JKB-14-1421, 2014 WL 4056030, at *3 (D. Md. Aug. 15, 2014). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

As the Fourth Circuit has recognized, "there are instances in which *sua sponte* dismissals of complaints under Rule 12(b)(6) are appropriate." *Robertson v. Anderson Mill Elementary Sch.*,

2

989 F.3d 282, 290–91 (4th Cir. 2021) (citations and quotations omitted). "Even if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. Oct. 2020 update). In particular, where a district court dismisses an inadequate complaint on its own, "the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson*, 989 F.3d at 291. "A district court may *sua sponte* dismiss a complaint for failure to state a claim, and where the face of a complaint plainly fails to state a claim for relief, the district court has no discretion but to dismiss it." *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (internal quotations omitted) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n. 10 (4th Cir. 2006)).

## *II.   Analysis*

Plaintiffs' Amended Complaint is convoluted and at times incomprehensible. It is therefore difficult to ascertain the exact claims Plaintiffs assert, but what is clear is that Plaintiffs are attempting to invalidate a foreclosure that appears to have been litigated—and continues to be litigated—extensively in Baltimore County Circuit Court. Plaintiffs list 11 claims in the Amended Complaint: (1) wrongful foreclosure; (2) violation of the Fair Debt Collection Practices Act; (3) violation of the Truth in Lending Act ("TILA"); (4) breach of contract; (5) violation of federal trust and lien laws; (6) slander of title; (7) slander of credit; (8) infliction of emotional distress; (9)

3

violation of the Racketeer Influenced and Corrupt Organizations Act; (10) exemplary and punitive damages; and (11) preliminary and permanent injunctive relief. (*See* Am. Compl. ¶¶ 28.1–41.12.)

Plaintiffs fail to state a claim for purposes of Rule 12(b)(6) as to all of these claims, and the Court is considering dismissing the Amended Complaint in its entirety. As an example, Plaintiffs argue that Defendants have violated TILA. Among their arguments in support of that claim are that: certain Defendants "mislead State Court when they executed the unlawful non-judicial foreclosure;" certain Defendants "are not Maryland Attorneys are therefore not licensed to represent a company in foreclosure lawsuit within the Baltimore County Circuit Court;" "[D]efendants misrepresented themselves to the court as a licensed attorney when they failed to have a license to practice law;" and "[t]he original debt was zero because the Plaintiffs financial asset was exchanged for FED's promissory notes in an even exchange. The failure to disclose the true nature of the exchange is clearly misrepresentation, fraud, harassment, unfair means, and deception to collect debt." (Am. Compl. ¶ 7.2–7.4.) Not only are these claims implausible, but they have also almost certainly been rejected by the Circuit Court for Baltimore County during the course of the foreclosure action. Further, even if plausible, it is not at all clear how these allegations amount to a violation of the TILA, which, *inter alia*, requires creditors to make certain disclosures regarding the terms of a loan to borrowers. *See generally* 15 U.S.C. § 1601 *et seq.* The lack of plausibility and the fundamental mismatch between Plaintiffs' allegations and causes of action does not satisfy even the permissive pleading standard of Rule 8. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain. . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").

The above-described deficiencies are representative of Plaintiffs' pleading with respect to all claims throughout the Amended Complaint. These deficiencies in the Amended Complaint are

4

highlighted by the motions to dismiss filed by various Defendants. Plaintiff has failed to respond substantively to any of these motions to dismiss, plainly entitling at least those Defendants to dismissal. *See, e.g., Benton v. Bank of Am.*, Civ. No. PX-16-0613, 2017 WL 588468, at *2 (D. Md. Feb. 14, 2017) (quoting *Pueschel v. U.S.*, 369 F.3d 345, 354 (4th Cir. 2004)) ("[W]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion."). However, granting dismissal as to only those Defendants would lead to a piecemeal and inefficient disposition of this seriously deficient Amended Complaint. Therefore, the Plaintiffs must show cause why this Court should not dismiss this matter in its entirety as to all Defendants before the Court will expend potentially unnecessary judicial resources considering whether the Complaint fails as to any particular Defendant.

### III. Conclusion

On or before November 8, 2021, the Plaintiffs SHALL SHOW CAUSE why this matter should not be dismissed as to all Defendants for failure to state a claim.

DATED this 25 day of October, 2021.

BY THE COURT:

James K. Bredar
Chief Judge